ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
Denise Ann Faulk
Assistant U.S. Attorney
Arizona State Bar No. 12700
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gino Carlucci,<br><br>Petitioner,<br><br>vs.<br><br>J.T. Shartle, Warden,<br><br>Respondent. | CV 18-00051-TUC-RM (DTF)<br><br>**RESPONSE TO REQUEST FOR EVIDENTIARY HEARING** |

J.T. Shartle ("Respondent"), by and through his undersigned attorneys, hereby responds to Petitioner Gino Carlucci's Request for Evidentiary Hearing (Doc. 12). Respondent respectfully requests that this Court deny Petitioner's request for a hearing because it is directly contrary to the mandates of the United States Supreme Court. This Response is supported by the accompanying Memorandum of Points and Authorities and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

Petitioner Gino Carlucci ("Petitioner"), Register Number 12233-081, is incarcerated at the United States Penitentiary ("USP Tucson") in Tucson, Arizona. (Doc. 11, Ex. A, Declaration of Lorri Mitchell, Att. 1, Public Information, at 1 ("RESP OF: TCP"; TCP is the facility code for USP Tucson)). Petitioner filed the Petition on January 29, 2018. (Doc. 1.) In it, Petitioner argues that his rights were violated during a

1  Discipline Hearing in which he lost 27 days Good Conduct Time.  (*Id.*)  Petitioner alleges
2  that there is no evidence to support the prohibited acts for which he was disciplined, that
3  the Discipline Hearing Officer ("DHO") was impartial[1] and biased and that he was not
4  afforded the opportunity to call his listed witness or view the evidence used to obtain a
5  guilty finding.  (*Id.* at 4-6.)

6       On April 2, 2018, Respondent filed his Return and Answer to the Petition,
7  requesting the Court to deny the Petition and dismiss the case because Petitioner failed to
8  show that the Federal Bureau of Prisons ("BOP") violated his constitutional rights.  (Doc.
9  11.)  On April 12, 2018, Petitioner filed his Traverse to Response and Request for
10 Evidentiary Hearing, supported by Declarations from Petitioner and Vernon Smith.  (Doc.
11 12.)  Petitioner asserts that there was no evidence that he was running a business and
12 requests the Court conduct an evidentiary hearing "to reach the truth of the matter."  (*Id.*
13 at 6.)

14      The facts underlying the discipline are set forth in detail in the Return (Doc. 11 at
15 5-8) and will not be repeated here.  Essentially, on June 13, 2017, Special Investigative
16 Services ("SIS") Technician D. Madrid wrote an Incident Report charging Petitioner with
17 Prohibited Act Codes 296, Use of the mail for abuses other than illegal; Code 328, Giving
18 money or anything of value to, or accepting money or anything of value; and Code 334,
19 Conducting a business, conducting or directing an investment transaction without staff
20 authorization.  (*Id.* at 5-6, Ex. A, Att. 2 at 7 §§ 9, 10, 12, 13.)  Lieutenant D. Eastwood
21 conducted an investigation, concluded the charges were accurate, and forwarded the
22 Incident Report to the UDC/DHO for hearing.  (*Id.* at 6, Ex. A, Att. 2 at 8 §§ 22, 26-27.)
23 The UDC held a hearing on June 14, 2017, and forwarded the matter to the Discipline
24 Hearing Officer ("DHO") for hearing.  (*Id.* at 6-7, Ex. A, Att. 2 at 7 §§ 19-20.)  DHO
25 Ciufo conducted a hearing on June 28, 2017.  (*Id.* at 7, Ex. A, Att. 2 at 1 § I.)  Based on
26 the evidence, DHO Ciufo concluded that Petitioner committed two of the three prohibited

---

[1] Petitioner apparently means to allege that DHO Ciufo was not impartial.

- 2 -

1  acts charged in the Incident Report, namely:  Prohibited Act Code 296, Use of the mail for
2  abuses other than criminal activity which circumvent mail monitoring procedures; and
3  Prohibited Act Code 328, Giving money or anything of value to, or accepting money or
4  anything of value from, another inmate or any other person without staff authorization.
5  (Doc. 11 at 7, Ex. A, Att. 2 at 2 § IV.)  DHO Ciufo did not find that Petitioner committed
6  Code 334, Conducting a business, conducting or directing an investment transaction
7  without staff authorization.  (*Id.*)

## II. LEGAL ANALYSIS

### A. Legal Standard

The Supreme Court set out the limited due process procedures that apply in prison discipline hearings at which an inmate may lose good conduct sentence credits in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Following *Wolff*, the Supreme Court held that due process requirements are satisfied when there is "some evidence" in the disciplinary record to support the decision of the discipline hearing officer.  *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).  The "some evidence" standard does not require a court to examine the entire disciplinary record, perform an independent assessment of the credibility of witnesses or re-weigh the evidence.  *Id.* at 455.  The relevant question, the Court explained, is "whether there is any evidence in the record that could support the conclusion reached by the discipline board."  *Id*.

### B. The Court Is Not Required to Have an Evidentiary Hearing to Reweigh the Evidence.

Petitioner argues at length that there is no evidence that he was conducting a business and submits two Declarations in support of his claims.  (Doc. 12 at 4-6, 9-11, 13.)  Petitioner misses the point completely:  DHO Ciufo did not find that he committed a violation of Code 334, Conducting a business, conducting or directing an investment transaction without staff authorization.   (Doc. 11 at 7, Ex. A, Att. 2 at 2 § IV.)  Petitioner's "evidence" that he did not commit a violation that he was found not to have committed is irrelevant.

- 3 -

1    Petitioner was found to have committed Prohibited Act Code 296, Use of the mail
2    for abuses other than criminal activity which circumvent mail monitoring procedures.  He
3    was not required to be operating a business to commit that prohibited act.  As detailed in
4    the Return, the evidence at the DHO Hearing clearly showed that Petitioner used his email
5    account to circumvent the monitoring of the correspondence between V.S. and his son,
6    A.S.  (Doc. 11 at 9-10, Ex. A, Att. 1 at 7 § 11, 19-21, 22, 23, 24.)  Additionally, Petitioner
7    admitted to the UDC that he passed a message from V.S. to A.S.  (*Id.* at 10, Ex. A, Att. 2
8    at 1, 7.)

9    Similarly, Petitioner was found to have committed Prohibited Act Code 328,
10   Giving money or anything of value to, or accepting money or anything of value from,
11   another inmate or any other person without staff authorization.  Petitioner admits that he
12   asked for and received $40.00 from V.S.'s son, A.S.  (Doc. 1 at 4.)  Petitioner produced
13   no evidence that BOP authorized him to receive funds from A.S.[2]

14   Petitioner's request that this Court to hold a hearing and take testimony from Erick
15   Romero, Robert Wright and Lieutenant VanDevender "to reach the truth of the matter"
16   (Doc. 12 at 6)  is a request to re-weigh the evidence in direct contradiction of *Hill's*
17   mandates.  The Court is not to examine the entire disciplinary record, perform an
18   independent assessment of the credibility of witnesses or re-weigh the evidence.  *Hill*, 472
19   U.S. at 455.

20   This Court should deny Petitioner's request for an evidentiary hearing.

21   **III.    CONCLUSION**

22   Based on the foregoing and for the reasons set forth in the Return, Respondent
23   respectfully requests that this Court deny the request for an evidentiary hearing, deny the
24   Petition and dismiss the case.

---

[2] Moreover, as detailed in the Return, even if Petitioner were authorized to receive the funds, the sanctions imposed by the DHO for the infraction cannot warrant habeas relief because they do not implicate a protected liberty interest.  (Doc. 11 at 11, n. 4.)

- 4 -

1 | RESPECTFULLY SUBMITTED:  April 24, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
Denise Ann Faulk
Assistant U.S. Attorney

Copy of the foregoing served
*via* U.S. Mail on April 24, 2018, to:

Gino Carlucci
12233-081
Tucson-AZ-Tucson-USP-Low-SC
Satellite Camp
P.O. Box 24549
Tucson, AZ 85734
*Prisoner Pro Se*

*s/ P. Vavra*
/ Response to Request for Evidentiary Hearing

- 5 -